# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| BUTAN VALLEY, N.V. | § | Bankruptcy Case No. 07-36856 |
|    Debtor | § | |
| ------------------------------------------------- | | ---------------------------------------------------------------- |
| | § | |
| OSAMA ALKASABI, | § | **CIVIL ACTION NO. H-09-0727** |
|    Appellant, | § | |

## MEMORANDUM AND ORDER

Appellant Osama Alkasabi filed a Notice of Appeal from United States Bankruptcy Judge Wesley Steen's March 9, 2009 Order on Motion for Relief From Stay [BR Doc. # 201]. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1). Appellant filed his Brief of Appellant [Doc. # 20], Appellee Rampart Acquisition Corporation L.L.C. ("Rampart") filed its Appellee's Brief [Doc. # 22], and Appellant filed a Reply Brief [Doc. # 26]. Having considered the parties' briefing, the bankruptcy court record, and applicable legal authorities, the Court **affirms** the Bankruptcy Court's Order.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In order to prevent Rampart from executing a final judgment and selling two parcels of real property belonging to Debtor Butan Valley, N.V., Appellant as

"Managing Director" filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on October 1, 2007.[1]  Appellee Rampart, as the judgment creditor, filed a proof of claim based on the final, non-appealable judgment that it purchased from Appellees ABN Amro Bank N.V. and Societe Generale ("the Banks").[2] Appellant filed an objection to Rampart's proof of claim and, after an evidentiary hearing, the objection was overruled and the proof of claim was allowed.[3]

On February 20, 2009, Rampart filed a Motion for Relief from Automatic Stay ("Motion") [BR Doc. # 177] asking the Bankruptcy Court to lift the automatic stay to permit the sale of Debtor's two tracts of real property, one in Harris County and one in Fort Bend County, Texas.  On March 9, 2009, the Bankruptcy Court conducted a lengthy evidentiary hearing on the Motion.  *See* Courtroom Minutes [BR Doc. # 200].

---

[1]  Following a hearing on Appellant's Motion to Convert to Chapter 11, the Bankruptcy Court noted that Appellant "seems to be the entire equity interest and officer and hold all officer positions in the [Debtor] company."  *See* Transcript [BR Doc. # 74], p. 351.

[2]  The judgment was issued by the International Court of Arbitration of the International Chamber of Commerce, and was confirmed by United States District Judge Kenneth Hoyt on June 8, 2001.  The Fifth Circuit affirmed on August 26, 2002.  The Banks sold the judgment to Rampart on July 18, 2007.

[3]  Appellant filed a Notice of Appeal from the Order overruling his objection, and this Court affirmed the Bankruptcy Court's decision.  *See* Memorandum and Order [Doc. # 44] and Final Order [Doc. # 45] in Civil Action No. H-09-0439.

At the conclusion of the hearing, the Bankruptcy Court announced his decision granting relief from the automatic stay. *See* Transcript [BR Doc. # 267], pp. 292-301. The Bankruptcy Court noted that Appellant had been advising the Bankruptcy Court for approximately a year that he was attempting to sell the properties, but he had not been successful. *See id.* at 296-98. The Bankruptcy Court noted that the economy and real estate market were declining and would likely continue to decline. *See id.* at 301. The Bankruptcy Court also found that the value of the properties was less than Rampart's lien amount. *See id.* Based on the evidence presented during the hearing, the Bankruptcy Court found good cause for lifting the automatic stay to allow Rampart to sell the two parcels of real property.

The Bankruptcy Court later entered a written Order [BR Doc. # 201] granting Rampart's Motion and this appeal followed. The appeal has been fully briefed and is ripe for decision.

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standards of Review

The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard. *Barron v. Countryman*, 432 F.3d 590, 594 (5th Cir. 2005).

A factual finding is clearly erroneous "only if on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *Robertson v. Dennis*, 330 F.3d 696, 701 (5th Cir. 2003) (internal quotations and citation omitted). Stated differently, a "factual finding is not clearly erroneous if it is plausible in the light of the record read as a whole." *In re Ramba, Inc.*, 416 F.3d 394, 402 (5th Cir. 2005). "As long as there are two permissible views of the evidence," the Bankruptcy Court's "choice between competing views" is not clearly erroneous. *In re Acosta*, 406 F.3d 367, 373 (5th Cir. 2005) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The district court must give "due regard" to the bankruptcy court's assessment of witness credibility. *Robertson*, 330 F.3d at 701.

Mixed questions of law and fact are reviewed *de novo*. *In re Quinlivan*, 434 F.3d. 314, 318 (5th Cir. 2006); *In re Stonebridge Technologies, Inc.*, 430 F.3d 260, 265 (5th Cir. 2005).

The bankruptcy court's decision on a motion for relief of stay is reviewed for an abuse of discretion. *See In re Barnes*, 279 F. App'x 318, 319 (5th Cir. May 28, 2008); *In re Burr Wolff, LP*, 2007 WL 2964835, *2 (S.D. Tex. Oct. 10, 2007) (citing *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.),* 440 F.3d 238, 245 (5th Cir. 2006)). A bankruptcy court abuses its discretion when it "(1) applies an improper legal standard or follows improper procedures . . ., or (2) rests its decision

on findings of fact that are clearly erroneous." *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005).

This Court "may affirm if there are grounds in the record to support the judgment, even if those grounds were not relied upon by the courts below." *In re Cueva*, 371 F.3d 232, 236 (5th Cir. 2004) (quoting *Matter of Besing*, 981 F.2d 1488, 1494 (5th Cir.), *cert. denied*, 510 U.S. 821 (1993)). Additionally, an appellant's failure to explain fully a "laundry list of grievances" and failure to provide proper citations to the record and to relevant legal authorities results in a waiver of those issues for which the briefing is inadequate. *See United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009).

### B. Standard for Lifting Automatic Stay

The bankruptcy court may grant a motion to lift the automatic stay for "cause." 11 U.S.C. § 362(d). The Bankruptcy Code does not define "cause" and, therefore, "reviewing courts must determine whether cause exist[s] on a case-by-case basis." *In re Burr Wolff,* 2007 WL 2964835 at *2 (quoting *Reitnauer v. Texas Exotic Feline Found. (In re Reitnauer),* 152 F.3d 341, 343 n. 4 (5th Cir. 1998)).

### III. ANALYSIS

Appellant argues that the Order granting Rampart's Motion should be reversed because the Bankruptcy Court lacked jurisdiction to lift the automatic stay where

Appellant had filed a "proper appeal" to the District Court of prior rulings by the Bankruptcy Court (Issue 1).  The filing of a Notice of Appeal divests the lower court of jurisdiction over only "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  The lower court may "still proceed with matters not involved in the appeal." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 233 (5th Cir. 2009) (citation omitted).  None of the appeals filed by Appellant prior to entry of the Order granting Rampart's Motion involved the automatic stay or whether it should be lifted.  Consequently, the filing of those Notices of Appeal did not divest the Bankruptcy Court of jurisdiction to decide the Motion for Relief from Stay.

Appellant argues that the Trustee failed "to conduct his fiduciary duties to all creditors and interest holders" regarding the sale of the property to Rampart (Issue 2).[4]  Specifically, Appellant argues that "there was no reasonable business justification for this expedited sale to Rampart," that there were "appeals pending in the District Court,"[5] and that the sale was "done to prevent the filing of a Chapter 11 Plan of reorganization."  *See* Appellant's Brief, p. 21.  The Bankruptcy Court found

---

[4]  Appellant filed a Motion to Remove Trustee [BR Doc. # 29] on March 27, 2008, but withdrew the motion during a pretrial conference in a related Adversary Proceeding on May 23, 2008.  *See* Order [BR Doc. # 70].

[5]  The issue of pending appeals in the District Court was discussed above in connection with Issue 1.

specifically that the real estate market was "in the tank" and would likely get worse. *See* Transcript [Doc. # 267], p. 301. The declining real estate market was a reasonable business justification for lifting the automatic stay and allowing the parcels to be sold before their value declined further.

Appellant's allegation that the Trustee breached his fiduciary duties to prevent a Chapter 11 reorganization plan is without merit. This bankruptcy proceeding was filed as a Chapter 7 case, and Appellant's motion to convert to Chapter 11 was denied on April 25, 2008, well before the March 9, 2009 Order granting relief from the automatic stay. It is unsupported by the evidence and counterintuitive that the Trustee would breach his fiduciary duties to prevent a Chapter 11 reorganization plan in March 2009 when Debtor's request to convert the Chapter 7 case to a Chapter 11 case had been denied almost a full year earlier. There is no indication in the record that the Trustee failed to comply fully with his fiduciary duties to the creditors of the Debtor.

Appellant argues that the Bankruptcy Court's order lifting the automatic stay should be reversed because it failed to "provide due process safeguards" and because of a "conflict of interest and collusion" (Issues 3 and 6). The record establishes that the Bankruptcy Court provided Appellant with full due process, and the Bankruptcy Court's finding that there existed no conflict of interest or collusion is not clearly erroneous. Appellant had adequate notice of Rampart's Motion and was given a full

opportunity to be heard. The Bankruptcy Court conducted a lengthy evidentiary hearing before ruling on Rampart's Motion. The Bankruptcy Court previously decided the collusion issue in connection with the Trustee's Motion for the Appointment of Maxicorp Properties, Inc. ("Maxicorp") as a real estate broker for the case. Following a full-day evidentiary hearing on that motion for appointment of the real estate broker, the Bankruptcy Court granted the motion to appoint Maxicorp. The Bankruptcy Court in ruling on the motion to appoint Maxicorp found specifically that there was no evidence of any impropriety and that the only suggestion of any impropriety was a business relationship between an agent with Maxicorp and the Trustee many years ago. The Bankruptcy Court's findings that there was no conflict of interest or collusion is supported by the record and is not clearly erroneous.

Appellant argues that the order lifting the automatic stay should be reversed and the automatic stay should be reinstated (Issues 4 and 5). As discussed above, Appellant has failed to show any basis for this Court to conclude that the Bankruptcy Court abused its discretion when it granted Rampart's Motion and lifted the automatic stay to allow the sale of the two parcels of real property.

Additionally, Appellant's request to vacate the orders leading up to the sale of the property is moot pursuant to 11 U.S.C. § 363(m) because the property has now been sold. "Section 363(m) patently protects, from later modification on appeal, an

authorized sale where the purchaser acted in good faith and the sale was not stayed pending appeal." *Matter of Gilchrist*, 891 F.2d 559, 560 (5th Cir. 1990). The Fifth Circuit interprets this statute to render an appeal moot if the property is sold in the absence of a stay. *See id.; see also In re Ginther Trusts*, 238 F.3d 686, 689 (5th Cir. 2001).

## IV.  CONCLUSION AND ORDER

The Bankruptcy Court's Order granting Rampart's Motion for Relief from Automatic Stay was correct, was not an abuse of discretion, and is affirmed in all respects. Accordingly, it is hereby

**ORDERED** that the Bankruptcy Court's March 9, 2009 Order on Motion for Relief From Automatic Stay [Doc. # 201] is **AFFIRMED**. The Court will issue a separate final Order.

SIGNED at Houston, Texas, this 11th day of **September, 2009.**

_____
Nancy F. Atlas
United States District Judge